UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS F. MACKEY,

      Petitioner,

-vs-                                Case No.  6:06-cv-1806-Orl-19KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et. al.,

      Respondents.

_____

# ORDER

This case comes before the Court on the following:

1. Petition Under 28 U.S.C. section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1, filed Nov. 27, 2006);

2. Response of State to Petition (Doc. No. 10, filed Mar. 29, 2007); and

3. Reply of Petitioner to Response of State (Doc. No. 13, filed June 20, 2007).

## Background

A Florida state court sentenced Petitioner Thomas F. Mackey to twenty years of imprisonment after he pled no contest to a charge of robbery.  (Doc. No. 10 at 1-2; Ex. A at 1-17, 127-29, 132-36.)  He  now petitions for a writ of habeas corpus, arguing that the trial court erred by striking his demand for a speedy trial and that his attorney was constitutionally deficient for failing to preserve the issue for collateral review.  (Doc. No. 1 at 5-6.)

According to Petitioner's charging affidavit, the Orlando police received a report on January 15, 2002, that a SunTrust bank in downtown Orlando had been robbed.  (Ex. A at 55-57.)  The bank's security camera captured an image of the suspect's getaway vehicle and license plate.  (*Id.*)

Police contacted the vehicle's owner, who stated that her boyfriend, Petitioner, had taken the car several days earlier without permission.  (*Id.*)   Approximately two hours after the robbery, police found a matching vehicle at a local motel.  (*Id.*)   They arrested Petitioner, who was driving the vehicle at the time.  (*Id.*)  The arresting officers found a bag of cash under Petitioner's belt and a toy pistol in the vehicle.  (*Id.*)  After being read his *Miranda* rights, Petitioner confessed to robbing the bank and fleeing in his girlfriend's truck.  (*Id.*)  Afterwards, he was charged with "robbery with threat of a weapon" and "grand theft."  (*Id.*)

Upon being charged, Petitioner filed a *pro se* "Demand for Speedy Trial."  (*Id.* at 62.)[1] Several days later at Petitioner's arraignment, the court appointed an assistant public defender as Petitioner's counsel, but Petitioner soon fired her and elected to defend himself *pro se*.  (*Id.* at 74.) On April 4, 2002, Petitioner filed a "Notice of Expiration of Speedy Trial," explaining that the "speedy trial time" would soon expire and the State had failed to file a motion to strike his demand. (*Id.* at 77.) Later that day, the State filed a motion to strike Petitioner's demand for speedy trial and notice of expiration.  (*Id.* at 78.)  The State contended that it had not been served with the original demand, no calender call had been held in the case as was required by the speedy trial statute, and Petitioner had not filed a bona fide demand.  (*Id.* at 78-80.)  The court held a hearing on the matter and granted the State's motion, reasoning that Petitioner was unprepared for trial, both at the time

---

[1]     Florida Rule of Criminal Procedure 3.191, subsection (b), requires the State to bring a criminal defendant to trial within sixty days after a "Demand for Speedy Trial" is filed and served upon the prosecutor.  If the Defendant is not tried within sixty days, subsection (p) allows the defendant to file a "Notice of Expiration of Speedy Trial Time."  After the notice is filed, the State must try the defendant within ten days, or he will "be forever discharged from the crime." Fla. R. Crim. P. 3.191(p).

of the hearing and when he originally filed the motion.  (*Id.* at 52.)  As a result, the court concluded that his demand was not bona fide.  (*Id.*)

On April 29, 2002, at Petitioner's request, the court appointed Francis Iennaco as Petitioner's new counsel.  (*Id.* at 103.)  Approximately two weeks later, Iennaco moved to stay the case pending appellate review of the court's decision to strike the demand for speedy trial.  (*Id.* at 110-11.)  The trial court granted the motion and stayed the case.  (*Id.* at 112.)  However, Iennaco apparently did not petition for a writ of prohibition until July, 24, 2002, 74 days after the order granting the stay.  (Ex. G at 7; Doc. No. 1 at 6.)  The Fifth District Court of Appeals denied the petition without opinion.  (Ex. G. at 8.)  Although writs of prohibition are not subject to an explicit filing deadline, *Alma's Italian & Seafood Restaurant v. Jones*, 627 So. 2d 605, 606 (Fla. 1st DCA 1993), Petitioner contends that his petition was denied for untimeliness.  (Doc. No. 1 at 6.)[2]

Eventually, Petitioner and the State reached a plea agreement stipulating that Petitioner would plead no contest to a lesser charge of "robbery" and receive twenty years of imprisonment.  (*Id.* at  2; Ex. A at 127-28.)  Petitioner reserved the right to raise the speedy trial issue on direct appeal.  (Doc. No. 1 at 2; Ex. A at 127-28.)  On appeal, the Fifth District Court of Appeals affirmed the trial court per curiam.  (Ex. E.)

Petitioner filed a motion for post-conviction relief on June 18, 2004, in which he argued that Iennaco was incompetent by failing to file a timely writ of prohibition, thereby constituting ineffective assistance of counsel under the Sixth and Fourteenth Amendments.  (Ex. G at 8.)  The

---

[2]     Iennaco's allegedly untimely petition for a writ of prohibition is not contained in the record, nor is the Fifth District Court of Appeal's decision denying the petition.  The only reference to the petition and order is during a plea hearing in the trial court when Iennaco stated: "We had a hearing.  It was denied.  We filed a writ of prohibition.  It was denied, but not on the merits."  (Ex. A at 7.)

trial court denied his motion on two grounds.  (Ex. I at 2-3.)  The court first concluded that his claim "lacked merit" because the speedy trial issue was "thoroughly litigated on [direct] appeal."  (*Id.* at 2.)  Morever, the court concluded that Petitioner's allegations were "insufficient to state a prima facie claim for relief."  (*Id.*)  Because Petitioner sought to have his sentence vacated rather than his plea withdrawn, the court found that he was requesting the wrong form of relief in his post-conviction motion.  (*Id.*)  Accordingly, the motion was "legally insufficient."  (*Id.*)  Petitioner appealed the trial court's ruling, but the Fifth District Court of Appeals affirmed per curiam without ordering a response from the State.  *Mackey v. State*, 936 So. 2d 582, 582 (Fla. 5th DCA 2006); (Ex. J).

Petitioner filed this petition for a writ of habeas corpus in November of 2006, asserting two grounds for relief: (1) that the trial court "erred in striking appellant's demand for speedy trial and denying his motion for discharge"; and (2) that "[c]ounsel of record did not timely invoke the Fifth District Court of Appeal's jurisdiction when petitioning . . . by writ of prohibition," constituting ineffective assistance of counsel under the Sixth and Fourteenth Amendments of the Federal Constitution.  (Doc. No. 1 at 5-6.)  The petition was accompanied by a legal brief.  (Doc. No. 1-2.)

The State filed a response to the petition on March 29, 2007.  (Doc. No. 10.)  The State does not contest the timeliness of the petition.  (*Id.* at 6.)  However, it argues that the petition must be dismissed because Petitioner's first claim fails to raise a federal issue and that Petitioner's second claim is procedurally defaulted due to the trial court's finding that Petitioner requested the wrong form of relief in his motion for post-conviction relief.  (*Id.* at 6-9.)  Moreover, the State argues, Petitioner's ineffective assistance of counsel claim fails because the trial court properly applied the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984).  (*Id.* at 11-15.)

Petitioner filed a reply to the State's response in which he reasserts most of the arguments from his first legal brief.  (Doc. No. 13.)

## Standard of Review

### I.      Review of a State Court's Decision

Petitioner's application for a writ of habeas corpus is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, habeas relief premised on a state court's legal error is limited to cases "resulting in a decision that was contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court."[3] *Valle v. Sec'y of the Dept. of Corr.*, 459 F.3d 1206, 1211 (11th Cir. 2006) (citing 28 U.S.C. § 2254(d)(1)).

This statutory language provides two bases for reviewing a state court decision for legal error.  Under the "contrary to clause," the writ may be granted "if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts." *Brown v. Sec'y, Dep't of Corr.*, No. 6:06-cv-140-PCF-KRS, 2007 WL 1100471, at *4 (M.D. Fla. Apr. 11, 2007) (quoting *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001)).  Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the United States Supreme

---

[3]        The phrase "clearly established federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Parker*, 244 F.3d at 835).

## II.    Exhaustion and Procedural Default

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has "exhausted" all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i)    there is an absence of available State corrective process; or
>
>         (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion limitation[4] takes two specific forms: (1) federal courts must dismiss claims that have been denied on "adequate and independent procedural grounds under state law"; and (2) federal courts cannot consider claims that are not exhausted but would be clearly barred if returned to state court.  *Vining v. Crosby*, No. 6:04-cv-1092-Orl-31DAB, 2007 WL 3024100, at *3 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  The United States Supreme Court has

---

[4]    In the habeas corpus context, the failure to exhaust is sometimes given the separate name of "procedural default." *Woodford v. Ngo*, --- U.S. ---, 126 S. Ct. 2378, 2387 (2006).  It is not uncommon for courts to use these terms interchangeably.  *See id.*

observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  In addition, the Court has explained that these limitations are  "grounded in concerns of comity and federalism."  *Coleman*, 501 U.S. at 730-31.

Regarding the first form of exhaustion, federal habeas courts must apply a three-part test to determine whether a state court's procedural ruling is adequate and independent:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim.  Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.  Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion.  The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal quotes and citations omitted).

The second form of exhaustion requires federal courts to pass on a petition unless the state petitioner "fairly present[ed] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted).

Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner

must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

**Analysis**

**I.      The Trial Court's Decision to Strike Petitioner's Speedy Trial Demand**

Petitioner's first claim fails at the outset because it does not concern an issue of federal law. Consistent with longstanding principles of federal jurisdiction, the AEDPA specifically limits this Court's scope of review to issues of federal law. 28 U.S.C. § 2254(d) (1)). Thus, the Court may not inquire into the validity of the trial court's application of Florida law. *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *see also Widel v. Hadi*, No. 6:06-cv-646-Orl-19JGG, 2007 WL 4218948, at * 6 (M.D. Fla. Nov. 28, 2007) (trial court's ruling that a particular jury instruction was prohibited by Florida law).

Petitioner argues that the trial court erred by granting the state's motion to strike his demand for speedy trial.  (Doc. No. 1 at 5.)  The trial judge concluded during a hearing on the matter that Petitioner's demand was not "bona fide" within the meaning of the speedy trial statute.  (Ex. A at 50-52.)  Petitioner does not point to any issue of federal law that was implicated by the trial court's ruling.  Thus, he is attacking the trial judge's application of Florida law, a ruling which this court may not review.

## II.     Ineffective Assistance of Counsel

Petitioner next argues that his attorney, Francis Iennaco, was incompetent for filing a writ of prohibition nearly three months after the trial court issued the order that the writ challenged. (Doc. No. 1 at 6.)  The State contends that this claim is procedurally barred because the trial court disposed of it on an independent state-law ground.  (Doc. No. 10 at 9.)

The Court agrees that Petitioner's claim is procedurally barred.  Reviewing Petitioner's motion for post-conviction relief, the trial court first determined that Petitioner's ineffective assistance of counsel claim "lacks merit, because . . . the issue was thoroughly litigated on appeal." (Ex. I at 2.)  Just above this quoted language, the court cited the "*Strickland* test."  (*Id.*)  Thus, the court appears to have concluded that Petitioner's claim did not meet the "prejudice" prong of the *Strickland* test because, even if Iennaco's error precluded collateral review of the trial court's decision, the appellate court nevertheless reviewed the issue on direct appeal.  (*Id.*)

"Alternatively," the court determined that Petitioner's "allegations are insufficient to state a prima facie claim for relief."  (*Id.*)  The court reasoned that Petitioner asked for the wrong type of relief, discharge from custody, and was therefore attempting to obtain a "second appeal" of the speedy trial issue rather than post-conviction relief on the basis of ineffective assistance of counsel.

According to the court, this error rendered his motion "legally insufficient to state a prima facie claim for relief." (*Id.*)

To qualify as an adequate and independent state law ground, the trial court's decision must meet the Eleventh Circuit's three part test as delineated in *Judd*, 250 F.3d at 1313. In this case, the trial court rejected petitioner's claim on two alternative theories, one resting on federal law and the other on a state procedural rule. At first blush, this method of disposition would appear to clash with *Judd*'s first two requirements that a state court "resolve the federal claim without reaching the merits of that claim" and render a decision that is not "intertwined with an interpretation of federal law." *Judd*, 250 F.3d at 1313. However, *Judd* must be read in light of the Supreme Court's decision in *Coleman*, which concluded that even when the state court reaches the federal issue on the merits, the petitioner's claim will still be procedurally barred if the court decides a state issue as a "bona fide separate, adequate, and independent ground[]" to deny the claim. *Coleman*, 501 U.S. at 733; *see also Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995) ("When a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal [habeas] court should apply the state procedural bar and decline to reach the merits of the claim."); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994).

In this case, the trial court's denial on procedural grounds discussed only state law and made no reference to federal law. (Ex. I at 2.) Importantly, the procedural ground was

sufficient on its own to warrant dismissal of Petitioner's motion.  The proper remedy for

a claim of ineffective assistance of counsel is retrial, not release from custody. *Peede v. State*,

955 So. 2d 480, 496 (Fla. 2007).  Petitioner does not point to any authority that prohibits trial

courts from dismissing a motion for post-conviction relief due to an improper request for

relief.  Thus, the procedural issue ruling was a "bona fide separate, adequate, and independent

ground" to deny Petitioner's claim. *Coleman*, 501 U.S. at 733.

Furthermore, the trial court's ruling satisfies the Eleventh Circuit's "fairness"

requirement.  Although Petitioner drafted the motion *pro se*, the trial court did not act

"manifestly unfair" by dismissing the motion on procedural grounds.  Of course, *pro se* litigants are

not expected to draft pleadings with the artfulness of a licensed attorney. *Haines v. Kerner*, 404 U.S.

519, 520 (1972).  But the right to self-representation does not exempt a litigant from complying with

relevant procedural rules. *See e.g., GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369

(11th Cir. 1998).  Here, Petitioner violated a state procedural rule by requesting an improper form

of relief.

Finally, this case does not implicate either of the two "excuses" for procedural default.

Regarding the first excuse, petitioner has not demonstrated that some supervening external factor

caused the default. *See Wright*, 169 F.3d at 703.  Petitioner's default was due to his own error

in drafting the motion for post-conviction relief, and the Eleventh Circuit has explained

that *pro se* status, alone, is not sufficient cause to excuse a default unless the defaulted issue

was "intrinsically beyond a pro se petitioner's ability to present." *McCoy v. Newsome*, 953

F.2d 1252, 1258 (11th Cir. 1992).  Moreover, "where the State has no responsibility to ensure that

the petitioner was represented by competent counsel," such as in a post-conviction relief proceeding, "it is the petitioner who must bear the burden of a failure to follow state procedural rules." *Coleman*, 501 U.S. at 754.  Accordingly, Petitioner cannot demonstrate "cause" for defaulting the ineffective assistance of counsel issue.

Likewise, Petitioner cannot demonstrate that a "fundamental miscarriage of justice" will occur if his claim is not analyzed on the merits.  The United States Supreme Court has explained that a fundamental miscarriage of justice only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  In crafting this standard, the Court was careful to note that "actual innocence" requires the petitioner to demonstrate his "factual innocence" rather than the "legal insufficiency" of his conviction. *Bousley*, 523 U.S. at 623.  In this case, Petitioner's claims relate to a procedural issue, whether he should have been discharged under the speedy trial statute, and not his factual innocence. Moreover, Petitioner pleaded no contest to robbery, and the record contains evidence of a confession.  Thus,  no basis exists to conclude that Petitioner is actually innocent.

Accordingly, Petitioner procedurally defaulted his ineffective assistance of counsel claim and his second ground for relief fails.  Any of Petitioner's other allegations not specifically addressed herein have been found to be without merit.[5]

---

[5]     The state court record provided a sufficient factual basis to decide the issues presented in the Petition. Accordingly, an evidentiary hearing is unnecessary.  28 U.S.C. § 2254(e)(2); *Kelley v. Sec., Dept. Of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004).

-12-

**Conclusion**

The Court **DENIES** the Petition Under 28 U.S.C. section 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1, filed Nov. 27, 2006).  This case is **DISMISSED** with prejudice.  The Clerk is directed to enter judgment for the Respondent and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 14, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party